# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KELLY JO MIFFLIN-KEE,<br>*Plaintiff*<br><br>-vs-<br><br>ANDREW SAUL, COMMISSIONER OF<br>SOCIAL SECURITY;<br>*Defendant* | § § § § § § § § § | SA-19-CV-00576-XR |

## ORDER

On this date the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation on Plaintiff's Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 18), filed February 23, 2023 (ECF No. 20).[1]

## BACKGROUND

Plaintiff Lopez initiated this action on October 17, 2019, seeking to overturn the Commissioner's decision denying her claim for disability-insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. *See* ECF Nos. 1 & 5. On April 3, 2020, Lopez filed her brief setting forth three separate points of error she contended entitled her to relief—one of which involved a constitutional violation allegedly committed by the Agency, which counsel claims was an issue of first impression in this circuit. *See* ECF Nos. 12 (Brief); 20-3 (discussing the novelty of this argument). The Commissioner did not file a responsive brief but instead requested that the Court reverse the Agency's final decision and remand the case for further administrative proceedings. *See* ECF No. 14. The District Court granted the motion and reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and

---

[1] This motion was referred for a report and recommendation, pursuant to 28 U.S.C. § 636(b), Rule 1(h) of Appendix C to the Local Rules, and the docket management order entered on October 8, 2019, in the San Antonio Division of the Western District of Texas. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

*Melkonyan v. Sullivan*, 501 U.S. 89 (1991). *See* ECF Nos. 15 & 16. Lopez, by and through her attorney, then moved for an award of $9,888.00 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* ECF No. 17. Shortly thereafter, however, the parties conferred on the matter of fees and jointly stipulated to an award of $8,500. *See* ECF No. 18. The District Court granted Lopez's motion and ordered the Commissioner to pay Lopez a total of $7,030 in EAJA fees in accordance with the parties' joint stipulation. *See* ECF No. 17.

Plaintiff ultimately prevailed on remand and was awarded past-due benefits in the amount of $169,918.00. *See* ECF No. 18 at 3.[2] Now, Plaintiff's attorney seeks an award of $42,479.50 from Plaintiff's past-due disability benefits pursuant to 42 U.S.C. § 406(b). Although the motion is styled as opposed, the Commissioner, who "has no direct financial stake" in the issue but rather "plays a part in the fee determination resembling that of a trustee for the claimants," *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002), does not object to an award of fees. *See* ECF No. 19. Instead, the Commissioner's response merely notes that the Court "must independently review the requested fee based on the legal standards described above and determine whether the requested fee is reasonable for the services rendered." *Id.* at 2 (citing *Gisbrecht*, 535 U.S. at 807).

**DISCUSSION**

Two statutes govern attorney's fees for representation of a social security claimant in court: the EAJA, 28 U.S.C. § 2414, and 42 U.S.C. § 406(b). Successful claimants generally petition for fees under the EAJA first, which provides for an award of reasonable court costs and attorney's fees to the "prevailing party" in a case seeking judicial review of agency action, unless the position of the United States was "substantially justified" or "special circumstances" make an award unjust.

---

[2] Although the Notice of Award issued to Plaintiff does not state the total amount of past-due benefits awarded or the amount being withheld for attorneys' fees, *see* ECF No. 18-1, Plaintiff's attorney represents—and the Commissioner does not dispute—that the Agency awarded $169,918.00 in past-due benefits and sent Plaintiff a check for 75 percent of this amount. *See* ECF No. 18 ¶¶ 2–3, 10; ECF No. 19.

*See* 28 U.S.C. § 2412(d)(1)(A). Pursuant to § 406(b), where an attorney obtains a favorable decision on remand, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013). The 25 percent cap is computed based on the benefits received by the claimant as well as any past-due amounts paid to the claimant's dependent family members by virtue of the claimant's disability. *See Hopkins v. Cohen*, 390 U.S. 530, 535 (1968). Although courts may award fees under both the EAJA and § 406(b), the claimant's attorney must refund to the claimant the amount of the smaller fee. *See Gisbrecht v. Barnhart*, 535 U.S. 796 (2002). Further, unlike attorney's fees awarded pursuant to the EAJA—which are against and payable by the Social Security Administration—fees awarded under § 406(b) come out of a social security claimant's past-due benefits. *King v. Comm'r of Soc. Sec.*, No. 3:14-CV-253-DAS, 2017 WL 2602992, at *1 (N.D. Miss. Jun. 15, 2017).

In his Report and Recommendation, the Magistrate Judge concluded that Plaintiff's counsel had satisfied his burden to show that the requested fee award of $42,479.50 —which represents 25 percent of the total $169,918.00 in past-due disability benefits awarded to Plaintiff and is expressly authorized by the contingency agreement executed by Plaintiff—were reasonable. *See* ECF No. 20 at 4–5 (analyzing reasonableness of requested fee award based on the non-exhaustive factors endorsed by the Fifth Circuit in *Jeter v. Astrue*, 622 F.3d 371, 378 (5th Cir. 2010) (risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee). Judge Bemporad further recommended that, upon the payment of the $42,479.50 to counsel for Plaintiff, counsel be ordered to refund to Plaintiff the

previously awarded fees in the amount of $7,030. *Id.* at 3 (citing *Gisbrecht*, 535 U.S. at 796 (discussing an attorney's obligation to refund any previously awarded EAJA fees where the attorney receives a larger award under § 406(b))).

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was issued on February 23, 2023. *See* ECF No. 20. No objections have been filed, and the time for doing so has expired.

"Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review . . . . In such cases, the Court need only review the Report and Recommendation and determine whether they are clearly erroneous or contrary to law." *Johnson v. Sw. Research Inst.*, 210 F. Supp. 3d 863, 864 (W.D. Tex. 2016) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation.

## CONCLUSION

Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 18) is **GRANTED**, and counsel, Mr. David F. Chermol, is awarded $42,479.50 in attorneys' fees out of Plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b). The Social Security Administration is **DIRECTED** to remit to counsel the funds withheld from Plaintiff's award of past-due benefits for payment of attorneys' fees.

Upon the payment of the $42,479.50 to counsel for Plaintiff, counsel is **ORDERED** to refund to Plaintiff the previously awarded fees in the amount of $7,030.00.

It is so **ORDERED**.

SIGNED this 13th day of March, 2023.

                                              XAVIER RODRIGUEZ  
                                              UNITED STATES DISTRICT JUDGE